```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
CCR INTERNATIONAL, INC.,
                                              15 Civ. 6563 (RWS)
     -against-
                                                    OPINION
THE ELIAS GROUP, LLC,

                    Defendant.
------------------------------------X
THE ELIAS GROUP, LLC,


     -against-

CCR DEVELOPMENT GROUP, INC. and
JOSE FUERTES,

                    Defendants.
------------------------------------X
BANCO COOPERATIVO DE PR,

                    Plaintiff,

     -against-

THE ELIAS GROUP, LLC,

                    Defendant/
                    Third-Party Plaintiff,

     -against-

CCR INTERNATIONAL, INC., CCR DEVELOPMENT
GROUP, INC., and JOSE FUERTES


                    Third-Party
                    Defendants.
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-26-18

A P P E A R A N C E S:

<u>Attorneys for CCR International,
CCR Development Group, Inc., and
Jose Fuertes</u>

LAW OFFICES OF JANE BECKER WHITAKER
P.O. Box 9023914
San Juan, PR 00902
By:  Jane Becker, Esq.


<u>Attorneys for Elias Group</u>

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.
308 Harper Drive, Suite 200
Moorestown, NJ 08057
By:  Jeffrey P. Resnick, Esq.


<u>Attorneys for Banco Cooperativo
de Puerto Rico</u>

FRIEDMAN SANCHEZ, LLP
16 Court Street, Suite 2600
Brooklyn, New York 11241
By:  Andrew M. Friedman, Esq.

ADSUAR MUNIZ GOYCO SEDA &
PEREZ-OCHOA, PSC
P.O. Box 70294
San Juan, PR 00936
By:  Sarika J. Angulo, Esq.
     Eric Perez-Ochoa, Esq.

**Sweet, D.J.**

Defendant and Third-Party Plaintiff the Elias Group, LLC ("Elias Group") has moved, pursuant to Federal Rule of Civil Procedure 42(a), to consolidate this action, *CCR International, Inc. v. The Elias Group, LLC*, 15 Civ. 6563 (RWS)[1], with *Banco Cooperativo de Puerto Rico v. Elias Group, LLC*, 17 Civ. 6697 (RWS). *See* Fed. R. Civ. P. 42(a). These actions emerge from the agreements relating to the ownership and transfer of the facilities and trademarks of the carbonated soda Coco Rico ("Coco Rico") and the actions taken by the parties to those agreements. Based upon the conclusions set forth below, the motion is granted.

I. **Facts & Prior Proceedings**

Prior to March 31, 2008, CCR International, Inc. ("CCR") was the owner of the soda brand Coco Rico. On March 31, 2008, CCR and CCR Development Group, Inc. ("CCRDG") entered into an Asset Purchase Agreement (the "March 2008 Asset Purchase

---

[1] *The Elias Group, LLC v. CCR Development Group, Inc.*, 16 Civ. 6280 (RWS) was consolidated with *CCR International, Inc. v. The Elias Group, LLC*, 15 Civ. 6563 (RWS) pursuant to this Court's order dated January 11, 2017. *See* Order on Motion to Consolidate, ECF No. 81.

3

Agreement") in which CCR sold, transferred, and assigned to CCRDG all rights, title, and interest in the Coco Rico brand, including all trademark rights. In return, CCRDG agreed to provide CCR monies to be paid over time. After CCRDG defaulted in its obligations to make payment to CCR of at least $9,000,000, Elias Group began discussions regarding the possibility of acquiring all rights, title, and interest in the Coco Rico brand from CCRDG and providing CCRDG and CCR with consideration sufficient to terminate CCRDG's obligations to CCR.

On January 30, 2013, CCR and Elias Group entered into the Assignment Agreement (the "Assignment Agreement"), in which CCR assigned CCRDG's purchase obligations to Elias Group in exchange for Elias Group's agreement to pay CCR pursuant to a formula centered on Elias Group's efforts to purchase the Coco Rico brand from CCRDG. Pursuant to the Assignment Agreement, Elias Group was to make an initial payment amount up to $300,000 to CCR, and then, subject to certain terms and conditions set forth in the Assignment Agreement, make monthly payments for some period of time in a sum not to exceed $400,000 per year. In the event that Elias Group purchased the rights to the Coco Rico brand from CCRDG, the Assignment Agreement provided that Elias Group's monthly payment obligation to CCR terminated and Elias

4

Group would make either a yearly payment of $450,000 to CCR (the "Yearly Payment" option), or Elias Group would provide CCR with a one-time payment of $5,000,000, less the initial payment to CCR by Elias Group, less monies previously paid to CCR by Elias Group, less any other payments or other consideration paid by Elias Group to CCRDG and/or third parties pursuant to Elias Group's acquisition of the Coco Rico brand, as well as a possible deduction pursuant to a sales formula set forth in the Assignment Agreement (the "Buyout Payment" option).

On April 15, 2015, CCRDG, as seller of the rights, title and interest in the Coco Rico brand, and Elias Group, as buyer, entered into an Asset Purchase Agreement ("April 2015 Asset Purchase Agreement") in which Elias Group purchased all of CCRDG's rights, title and interest in the Coco Rico brand for consideration of over $6,000,000 and a release of CCRDG's obligation to pay any outstanding monies owed to Elias Group pursuant to CCR's assignment of CCRDG's purchase obligations under the March 2008 Asset Purchase Agreement to Elias Group. Pursuant to the April 2015 Asset Purchase Agreement, on May 21, 2015, Elias Group executed a promissory note in the amount of one million dollars in favor of CCRDG (the "Note").

By letter dated June 9, 2015, Elias Group advised CCR that it elected to pay CCR pursuant to the Buyout Payment option and that based upon the formulas in the Assignment Agreement, Elias Group did not owe CCR any further monies.

CCR then filed suit against Elias Group on August 19, 2015, alleging monies owed under the Assignment Agreement. *See CCR International, Inc. v. The Elias Group, LLC*, 15 Civ. 6563 (RWS), ECF Dkt. No. 1. Elias Group filed a counterclaim and third-party complaint alleging conspiracy to frustrate the Assignment Agreement, the Asset Purchase Agreement and an Independent Contractor Agreement, as well as breach of contract and fraud. Moreover, the Elias Group filed suit against CCRDG on August 8, 2016, alleging breach of the Asset Purchase Agreement and material misrepresentations. *See Elias Group, LLC v. CCR Development Group, Inc.*, 16 Civ. 6280 (RWS), ECF Dkt. No. 1. CCRDG and Defendant Jose Fuertes ("Fuertes") counterclaimed. By order of January 12, 2017, the CCR Action and the Elias Group Action were consolidated, and a joint discovery plan was adopted on February 22, 2017.

On September 1, 2017, Banco Cooperativo de PR ("Ban Coop") filed a complaint, 17 Civ. 6697 (the "Ban Coop Action"), which was assigned to the Honorable Alvin Hellerstein, alleging

6

breach of contract based on the Note executed by Elias Group in favor of CCRDG on May 21, 2015, and assigned to Ban Coop at that time. *See Banco Cooperativo de PR v. Elias Group, LLC*, 17 Civ. 6697 (AKH), ECF Dkt. No. 1. On October 18, 2017, Ban Coop filed its amended complaint. On December 5, 2017, the Elias Group filed its answer and third-party complaint ("ATPC") realleging its causes of action against CCR, CCRDG, and Fuertes as set forth in the CCR and Elias Group Actions. *See id.*, ATPC, ECF Dkt. No. 18. The ATPC also alleges that Section 3 of the Promissory Note provided that a claim for indemnification would reduce the principal of the Note and permit the Elias Group to hold back the amount of disputed funds. *See id.* ¶ 30. The indemnification is provided in the Asset Purchase Agreement and is one of the subjects of the Elias Group Action. The Ban Coop Action was reassigned to this Court as related on April 12, 2018.

The instant motion for consolidation by the Elias Group, opposed by Ban Coop, was taken on submission and marked fully submitted on March 7, 2018.

## II. The Elias Group's Motion to Consolidate is Granted

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). When common issues of law and fact are present, the "trial court has broad discretion to determine whether consolidation is appropriate," and is empowered to find that "judicial economy favors consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2nd Cir.1990), *cert. denied*, 110 S.Ct. 297 (1990) (citations omitted). While "the discretion to consolidate is not unfettered and considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial," *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) (citing *Celotex Corp.*, 899 F.2d at 1284-85) (alteration and internal quotation marks omitted), "so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *See Primavera Familienstiftung*, 173 F.R.D. at 129 (citing *Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992).

The party seeking consolidation bears the burden of demonstrating that the interest of judicial economy is outweighed by the possibility of prejudice or delay. *KGK Jewelry LLC v. ESDNetwork*, No. 11 Civ. 9236 (LTS)(RLE), 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) (citing *In re Currency Conversion Fee Antitrust Litigation*, No. 01 MDL 1409, 2009 WL 1834351, at *2 (S.D.N.Y. June 18, 2009)).

As evidenced by the pleadings as set forth above, both the CCR Action and the Ban Coop Action arise out of the same factual scenario and relate to the same agreements. Elias Group has alleged that under the terms of the Note on which Ban Coop has sued, it is entitled to withhold payment and to reduce its principal to the amount of its losses and indemnification claims against CCR, CCRDG, the Fuertes brothers and others allegedly conspiring with them. Accordingly, there are common factual issues, such that consolidation of the CCR and the Ban Coop Actions for discovery purposes is proper. Subsequent motions may clarify the issues and require revisiting this determination.

The order and priority of issues to be tried will be determined after the close of discovery.

## III. Conclusion

For the foregoing reasons, Elias Group's motion to consolidate is granted.

It is so ordered.

New York, NY
June 26, 2018

_____
ROBERT W. SWEET
U.S.D.J.