```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
CCR INTERNATIONAL, INC.,

                Plaintiff,

    -against-                           15 Civ. 6563 (RWS)


ELIAS GROUP, LLC,                       OPINION

                Defendant.
------------------------------------X
ELIAS GROUP, LLC,

                Plaintiff,

    -against-                           16 Civ. 6280 (RWS)


CCR DEVELOPMENT GROUP, INC., and
JOSE FUERTES,

                Defendants.
------------------------------------X
BANCO COOPERATIVO DE PR,

                Plaintiff,

    -against-                           17 Civ. 6997 (RWS)


ELIAS GROUP, LLC,

                Defendant.
------------------------------------X
```

6697 (TC)



SDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/19/18

1

A P P E A R A N C E S:

Attorney for Elias Group, LLC

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.
308 Harper Drive, Suite 200
New York, NY 10007
By: Jeffrey Peter Resnick

Attorney for Coco Rico, LLC

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.
308 Harper Drive, Suite 200
New York, NY 10007
By: Jeffrey Peter Resnick


Attorney for CCR International, Inc.

LAW OFFICES OF JANE BECKER WHITAKER
P.O. Box 9023914
San Juan, PR 00902
By: Jane Becker Whitaker

Attorney for CCR Development Group, Inc.

LAW OFFICES OF JANE BECKER WHITAKER
P.O. Box 9023914
San Juan, PR 00902
By: Jane Becker Whitaker

Attorney for Jose Fuertes

LAW OFFICES OF JANE BECKER WHITAKER
P.O. Box 9023914
San Juan, PR 00902
By: Jane Becker Whitaker

**Sweet, D.J.**

Counterdefendant Elias Group, LLC ("Elias") and Fourth-Party Defendant Coco Rico, LLC ("Coco Rico") have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to partially dismiss the Counterclaim and Fourth-Party Complaint of CCR International, Inc. ("CCR"), CCR Development Group, Inc. ("CCRD"), and Jose Fuertes ("Fuertes") alleging trademark infringement, unfair competition, and common law trademark and tradename infringement by Elias and Coco Rico. For the reasons set forth below, the motion is granted.

**I. The Facts and Prior Proceedings**

The parties to the series of transactions giving rise to this litigation filed their initial complaint on August 25, 2015. *See CCR International, Inc. v. Elias Group, LLC*, 15 Civ. 6563 (RWS) (the "CCR Action"), ECF No. 4. That was followed by the filing of additional, related actions. *See Elias Group, LLC v. CCR Development Group, Inc.*, 16 Civ. 6280 (RWS) (the "Elias Action"); *Banco Cooperativo de PR v. Elias Group, LLC*, 17 Civ. 6697 (AKH) (the "Ban Coop Action"). The Elias and Ban Coop Actions were consolidated with the CCR Action on January 12,

2017 and June 26, 2018, respectively. *See CCR International, Inc. v. Elias Group, LLC*, 15 Civ. 6563 (RWS), ECF Nos. 81, 106.

The prior Opinions of the Court, dated January 15, 2016 and June 26, 2018, set forth the facts and prior proceedings with which it is assumed that the parties are familiar. *See id.*, ECF Nos. 29, 106.

On March 14, 2018, CCR, CCRD, and Fuertes filed their Counterclaim against Elias and Fourth-Party Complaint against Coco Rico. *See* ECF No. 38.

The instant motion with respect to trademark infringement was taken on submission and marked fully submitted on May 29, 2018.

**II. The Applicable Standard**

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

4

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

### III. The Federal Trademark Infringement Claim Is Dismissed

Section 32(1) of the Lanham Act establishes liability for trademark infringement where, without the consent of the registrant, a defendant "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale . . . or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1).

To prevail on a trademark infringement claim under Section 32(1), a plaintiff must show that it owns a valid,

5

legally protectable trademark, and the defendant's subsequent use of similar marks is likely to create confusion as to the origin of the goods or services. *See Pirone v. Macmillan, Inc.*, 894 F.2d 579, 581-82 (2d Cir. 1990); *C=Holdings B.V. v. Asiarim Corp.*, 992 F. Supp. 2d 223, 239 (S.D.N.Y. 2013) ("To succeed in establishing liability for infringement under the Lanham Act, a plaintiff must prove: (1) that it owns a valid, protectible trademark; (2) that the defendant used the trademark in commerce and without consent; and (3) that there was a likelihood of consumer confusion.").

CCRD's federal trademark infringement claim fails because CCRD cannot prove that it owns the Coco Rico mark. The Counterclaim and Fourth Party Complaint alleges:

> 57. CCR Development Group subsequently learned that Mr. Hahn, following the advice of his counselors, transferred all assets that belonged to CCR Development Group to Coco Rico LLC, acquired and assumed all the rights of the 2013 Option agreement from Elias Group LLC, the 2008 Asset Purchase Agreement and subsequently assumed the 2015 Asset Purchase Agreement.
>
> 58. Coco Rico, LLC signed the Lease agreement with CCR Development Group and executed the options to acquire the Coco Rico Assets and the Real Estate pursuant to the 2013 Option Agreement signed between CCR Development Group and Elias Group LLC.

* * *

> 85. In exchange for The Elias Group's agreement to make [certain payments to CCR], CCR International and CCR Development Group transferred the Coco Rico trademarks to The Elias Group.
>
> 86. Despite its intent to breach and despite its breach of its Assignment Agreement with CCR International and its Asset Purchase Agreement with CCR Development Group, The Elias Group took the Coco Rico assets, in particular, the trademarks, and transferred them to Coco Rico, LLC.
>
> \* \* \*
>
> 107. CCR Development Group alleges affirmatively that it was at all times and is still the owner of all right, title, and interest in the 'Coco Rico' trademark throughout the world because The Elias Group has never paid for such rights, and has, in fact, transferred them to Coco Rico, LLC, with the intention to deceit and defraud CCR Development Group, by trying to deprive CCR Development Group of the Coco Rico trademarks.

CCRD's conclusory statement that it "was at all times and is still the owner of all right, title, and interest in the 'Coco Rico' trademark throughout the world" does not prove its present ownership of the Coco Rico marks, especially in light of its admission that the trademarks were transferred to Elias and Coco Rico. Instead, CCRD's allegations establish that its claim is based on the failure of Elias to perform the agreements that transferred the trademark from CCR and CCRD to Elias. Thus, what remains at issue the appropriate relief for Elias's and Coco

7

Rico's nonperformance of certain contractual obligations in the event that CCRD's contentions on that point are established.

Accordingly, the motion to dismiss CCRD's trademark infringement claim under Section 32(1) of the Lanham Act is granted.

**IV. The Claim for Unfair Competition is Dismissed**

Section 43(a) of the Lanham Act prohibits any person from using in commerce, in connection with any goods or services, "any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods . . . by another person." 15 U.S.C. § 1125(a)(1). Section 43(a) is broader than § 32(1), in part because it protects both registered and unregistered trademarks. *See, e.g., ITC Ltd. v. Punchngini, Inc.*, 482 F.3d 135, 154 (2d Cir. 2007). However, like a plaintiff claiming infringement under § 32(1), "[a] plaintiff claiming unfair competition under [§] 43(a) must show that it owns a valid trademark eligible for protection." *EMI Catalogue Partnership v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 62 (2d Cir. 2000).

8

For the reasons previously discussed, CCRD cannot establish its ownership of the trademarks. Consequently, the motion to dismiss the unfair competition claim is granted.

### V. The Claim for Common Law Trademark and Tradename Infringement is Dismissed

"In New York, common law trademark infringement . . . claims largely 'mirror the Lanham Act claims.'" *C=Holdings B.V.*, 992 F. Supp. 2d at 244 (quoting *Lopez v. Gap, Inc.*, 883 F. Supp. 2d 400, 430 (S.D.N.Y. 2012)). Indeed, like the Lanham Act claims, a common law trademark infringement claim requires a plaintiff to demonstrate its ownership of the mark. *See Pirone*, 894 F.2d at 581. Because CCRD has failed to make this showing, as detailed above, the common law infringement claim is also dismissed.

### VI. Conclusion

For the foregoing reasons, Elias's and Coco Rico's motion to partially dismiss the Counterclaim and Fourth Party Complaint of CCR, CCRD, and Fuertes is granted.

It is so ordered.

**New York, NY**
**November 5, 2018**

_____
ROBERT W. SWEET