UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CCR INTERNATIONAL, INC., et al., <br><br>  Plaintiffs, <br> -v- <br><br> ELIAS GROUP, LLC, et al., <br><br> Defendants. | | 15 Civ. 6563 (PAE) |
| ELIAS GROUP, LLC, et al., <br><br> Plaintiffs, <br> -v- <br><br> CCR DEVELOPMENT GROUP, INC., et al., <br><br> Defendants. | | 16 Civ. 6280 (PAE) |
| BANCO COOPERATIVO DE PR, <br><br> Plaintiff, <br> -v- <br><br> ELIAS GROUP, LLC, et al., <br><br> Defendants. | | 17 Civ. 6697 (PAE) <br><br> ORDER |

PAUL A. ENGELMAYER, District Judge:

On November 22, 2019, CCR Development Group, Inc., CCR International, Inc., and Jose Fuertes (collectively, for purposes of this order, the "CCR Parties") filed a letter motion to compel production of more than 100 documents marked as privileged by the Elias Group, LLC ("Elias Group"). Dkt. 216. On November 25, 2019, Elias Group responded, defending its claims of privilege and offering to provide the documents for *in camera* review. Dkt. 217. Also

on November 25, 2019, the Court directed the parties to provide 16 exemplar documents and Elias Group's privilege log for *in camera* review by November 27, 2019.

The Court has reviewed the 16 exemplar documents provided by Elias Group as a representative sample of the documents it withheld as privileged, along with the Elias Group's privilege log. Without a more detailed understanding of the relationships between the authors and recipients of each document, the Court is unable to rule on the validity of Elias Group's claims of privilege.[1]

Accordingly, the Court directs Elias Group to submit, by **Thursday, December 5, 2019 at 5 p.m.**, a letter explaining, for each of the 16 exemplar documents: (i) the relationship of the author and all recipients of each document; and (ii) the general subject matter of the document. The first explanation should set forth each recipient's role in the relevant negotiation (*e.g.*, outside counsel, accountant, or employee), as well as their affiliation(s) with the parties to this litigation. The second should, without revealing privileged or confidential information, provide a brief (one-to-five sentence) description of the document's subject and context.

---

[1] Federal Rule of Civil Procedure 26(b)(5) requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged," that party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). Local Rule 26.2 provides further guidance as to the description required in a privilege log, requiring that the party invoking privilege set forth, at minimum: "(i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other." Local Rule 26.2(a)(2)(A). The Court does not find at this time—particularly given that the CCR Parties have not raised the issue here—that the privilege log, though of limited use to a third-party, was deficient under these rules. However, the Court requires more information in order to rule on this matter.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 2, 2019
       New York, New York