UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CCR INTERNATIONAL, INC., et al., <br><br>                               Plaintiffs, <br>      -v- <br><br> ELIAS GROUP, LLC, et al., <br><br>                               Defendants. | 15 Civ. 6563 (PAE) |
| ELIAS GROUP, LLC, <br><br>                               Plaintiff, <br>      -v- <br><br> CCR DEVELOPMENT GROUP, INC., et al., <br><br>                               Defendants. | 16 Civ. 6280 (PAE) <br><br> ORDER |

PAUL A. ENGELMAYER, District Judge:

The Court has received the August 2, 2021 motion of CCR International ("CCR") to amend its judgment pursuant to Federal Rule of Civil Procedure 60(a). Dkt. 268 ("CCR Mot."). CCR seeks $150,000 from the Elias Group, LLC ("Elias") and any other appropriate relief. *Id.* at 3. On August 3, 2021, the Court direct Elias to respond to CCR's motion. Dkt. 269. Elias opposed CCR's motion. Dkt. 271 ("Elias Opp'n"). For the following reasons, the Court denies CCR's motion.

On December 22, 2020, this Court issued an opinion and order granting Elias's motion for summary judgment in full and denying the motion of CCR, CCR Development Group, Inc. ("CCRDG"), and José Fuertes ("Fuertes," and, together with CCR and CCRDG, the "CCR Parties") for summary judgment in full. Dkt. 251. In so holding, the Court found that Elias had

met its contractual obligations to the CCR Parties, and found that Elias did not owe either CCR another $8.5 million nor Fuertes an annual salary of $180,000. *Id.* at 1. On April 5, 2021, the Court issued an opinion and order granting the motion for summary judgment by Elias, dismissing the CCR Parties "sole remaining claim, for the breach of the implied covenant of good faith and fair dealing." Dkt. 260 at 12. Thereafter, on April 13, 2021, Elias voluntarily dismissed all of its counterclaims and this case was closed. Dkt. 265. On May 4, 2021, CCR and CCRDG filed a notice of appeal. Dkt. 267. CCR's motion to voluntarily dismiss its appeal was granted on August 4, 2021. Dkt. 270.

Rule 60(a) permits a court to "correct a clerical error or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) provides relief when "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated." *In re Frigitemp Corp.,* 781 F.2d 324, 327 (2d Cir. 1986).

Rule 60(a) cannot provide such relief here. In this motion, CCR quotes factual findings from the Court's December 22, 2020 Order: that Elias originally had to make an initial payment of $300,000, but that Elias had only paid a total of $150,000 toward that initial payment. CCR Mot. at 1. CCR argues that "[t]his Court did not reject the payment of the $150,000, so CCR International understands that the failure to order Elias to pay the outstanding amount was an 'oversight or omission.'" *Id.* at 2. But CCR has failed to point to anywhere that it sought relief on the claim that Elias owed it $150,000, or any order in which the Court awarded it relief on that claim. *See* Elias Opp'n, 1 ("At no point in the pleadings or other filings did plaintiff allege that defendant owed it any portion of the initial payment of $300,000.00."). And Rule 60(a) cannot be used for the purpose of making new substantive rulings; it "permits only a correction

for the purpose of reflecting accurately a decision that the court actually made." *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995).  CCR's Rule 60(a) motion is therefore denied.

      SO ORDERED.

                                                        PAUL A. ENGELMAYER
                                                        United States District Judge

Dated: August 6, 2021
       New York, New York