UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CCR INTERNATIONAL, INC., et al.,

                            Plaintiffs,

        -v-

ELIAS GROUP, LLC, et al.,

                            Defendants.

15 Civ. 6563 (PAE)

---

ELIAS GROUP, LLC,

                            Plaintiff,

        -v-

CCR DEVELOPMENT GROUP, INC., et al.,

                            Defendants.

16 Civ. 6280 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff CCR International ("CCR") has moved, see Dkt. 273 ("MTR"), for reconsideration of the Court's August 6, 2021 decision not to amend its judgment under Rule 60(a) of the Federal Rules of Civil Procedure, Dkt. 272 ("Order"). Defendant Elias Group, LLC ("Elias") opposes. Dkt. 274 ("Elias Opp'n"). The Court assumes familiarity with the history of this litigation.

CCR seeks reconsideration of the decision to deny its motion to amend its judgment under Fed. R. Civ. P. 60(a). The Court found that CCR had merely quoted factual findings from the Court's December 22, 2020 order, Dkt. 251, rather than showing where, earlier in this case, the parties had litigated CCR's entitlement to the $150,000, CCR had sought such relief, and,

most important, the Court had awarded CCR the $150,000 it seeks from Elias. Order at 2. For the reasons that follow, the Court again finds that CCR is not entitled to reconsideration.

CCR's motion for reconsideration is governed by Fed. R. Civ. P. 59(e) and S.D.N.Y. Local Civil Rule 6.3. District courts "ha[ve] broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239, F.3d 415, 427 (2d Cir. 2000). A motion to reconsider "is not a motion in which a movant may reargue those issues already considered when a party does not like the way the original motion was resolved." *Evolution Fast Food Gen. P'ship v. HVFG, LLC*, No. 15 Civ. 6624 (DAB), 2018 WL 1779377, at *2 (S.D.N.Y. Mar. 28, 2018) (internal quotation marks omitted). "The major grounds for justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Pishevar*, No. 19 Misc. 503 (JGK) (SDA), 2020 WL 1862586, at *2 (S.D.N.Y. Apr. 14, 2020) (quoting *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011)).

As to the issue in question, CCR argued in its motion to amend the judgment that because the Court "did not reject the payment of the $150,000 . . . [CCR] understands that the failure to order Elias to pay the outstanding amount was an 'oversight or omission.'" Dkt. 268 at 2. In the MTR, CCR now argues that "Elias stipulated that it had only paid $150,000 of the $300,000 agreed. This Court so ruled. It should amend its judgment to find that [Elias] owes [CCR] $150,000." MTR ¶¶ 14–15. As proof of this assertion, CCR quotes its complaint, *id.* ¶¶ 5–6, and the joint stipulation of undisputed material facts, *id.* ¶ 10, to show that CCR "indeed sought relief on the claim," *id.* ¶ 9. CCR argues that because "the operative pleading before the Court, the Consolidated Complaint," describes the payment, and the Court "repeated this allegation in its Order granting Elias Summary Judgment," the Court found that Elias was "*required*" to pay

2

$150,000 following due diligence, and there is an "inference . . . that the parties completed due diligence," deciding any inferences in CCR's favor. *Id.* ¶¶ 11–12 (emphasis in original).

The Court does not find reconsideration warranted. CCR has not shown any change of law, new evidence, or the need to correct a clear error or prevent a manifest injustice. Instead, it merely recapitulates the arguments in the motion to amend that the Court denied. But, as the Court ruled on that motion, there is no charter here to amend a clerical error or mistake arising from an oversight by the Court in the preparation of the judgment, because CCR cannot point to any antecedent ruling in which the Court had awarded it relief on its claim for the $150,000. *See* Dkt. 272. On the contrary, when the Court awarded summary judgment to Elias on all claims, *see* Dkts. 251, 260, it did not award CCR the $150,000 that it currently seeks, and CCR at no point challenged the absence of a grant of such relief. Any error here was CCR's, for failing to secure such relief during this litigation, not the Court's in its preparation of the judgment. The parties' stipulation to certain facts, and the Court's quoting of these stipulated facts, is not tantamount to an award of relief justifying an amendment of the judgment under Rule 60(a).

The Court accordingly denies the motion for reconsideration. The Clerk of Court is respectfully directed to close the motion pending at docket 273. This case remains closed.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: August 16, 2021
       New York, New York

3